J. S15027/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
    :     PENNSYLVANIA
    :
v.     :
    :
JEROME LATIMORE,     :
    :
Appellant     :     No. 1914 EDA 2016

Appeal from the PCRA Order May 24, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1034721-1984

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:            **FILED MARCH 27, 2017**

Appellant, Jerome Latimore, appeals from the May 24, 2016 Order entered in the Philadelphia County Court of Common Pleas denying his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

On May 17, 1985, Appellant entered a guilty plea to Rape, Burglary, and related offenses after breaking into a woman's home, raping her at knifepoint, and stealing money and a small television. The trial court

sentenced Appellant to an aggregate term of 15 to 40 years' imprisonment.[1] Appellant did not file a direct appeal.

On April 6, 1987, Appellant filed a *pro se* PCHA Petition, his first.[2] The PCHA court appointed counsel, and counsel sought to withdraw. On December 13, 1988, the PCHA court denied Appellant's Petition.

On August 14, 2015, Appellant filed the instant *pro se* PCRA Petition, his second, challenging the legality of his sentence. After providing Notice to Appellant pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's Petition without a hearing on May 24, 2016. Appellant filed a timely Notice of Appeal.

Appellant presents the following issue for our review:

> Did the PCRA court err in dismissing the Appellant['s] second PCRA Petition as untimely?

Appellant's Brief at 7.[3]

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa.

---

[1] Appellant also pleaded guilty to two similar crimes on separate dockets.

[2] The Post Conviction Relief Act was originally known as the Post Conviction Hearing Act ("PCHA").

[3] In his brief, Appellant avers that the sentencing guidelines used to sentence him were the "product of a rejection resolution that was not presented to the Governor in violation of Article III, § 9 of the Pennsylvania Constitution[.]" Appellant's Brief at 9. As the trial court notes, this is a quote from ***Commonwealth v. Sessoms***, 532 A.2d 775 (Pa. 1987).

2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on June 17, 1985, upon the expiration of time to file a Notice of Appeal. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(c)(3). In order to be timely, Appellant needed to submit his PCRA Petition by June 17, 1986. *Id*. Appellant filed this PCRA Petition on August 14, 2015, nearly 30 years after the deadline. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, dated 9/21/16, at 3.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the

judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).  **See, e.g., Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Appellant attempts to invoke the timeliness exception under Sections 9545(b)(1)(ii) and (iii) in his challenge to the legality of his sentence, claiming he filed his Petition within 60 days of learning of **Commonwealth v. Sessoms**, 532 A.2d 775 (Pa. 1987) in the prison law library.  Appellant's Brief at 11.

Although a legality of sentence claim cannot be waived, it must be raised in a timely PCRA Petition.  42 Pa.C.S. § 9545(b)(2); **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007); **Commonwealth v. Fahy**,

737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). The PCRA is clear that a petitioner has waived an issue if the petitioner could have raised the issue in a prior PCRA proceeding. 42 Pa.C.S. § 9544(b).

Our Supreme Court decided *Sessoms* on October 7, 1987, while Appellant's first PCHA Petition was pending. Although he could have raised a constitutional claim based on *Sessoms* in that timely PCHA Petition, he did not. Rather, he raised the claim in 2015, nearly 30 years after the PCRA's one-year deadline had passed. As a result, Appellant has waived this argument. *See* 42 Pa.C.S. § 9544(b).

Moreover, our Supreme Court has expressly held that "subsequent decisional law does not amount to a new 'fact' under [S]ection 9545(b)(1)(ii)[.]" *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011). *See also Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (rejecting "the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii).").

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. *See* PCRA Court Opinion at 4-5. We, thus, affirm the denial of PCRA relief.

J. S15027/17

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2017